## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **RADIANT PLUMBING SERVICE, INC.,** §<br>§<br>**Plaintiff,** §<br>§<br>-v- §<br>§<br>**RADIANT ELECTRICAL SERVICES, LLC** §<br>**and JAMES DOUGHERTY** §<br>§<br>**Defendants.** §<br>§ | **Civil Action No. _____** |

### PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Radiant Plumbing Service, Inc. ("Plaintiff" or "Radiant"), by its undersigned attorneys, alleges as follows for its Original Complaint against Defendants Radiant Electrical Services, LLC and James Dougherty ("Defendants"):

### THE PARTIES

1.      Plaintiff is, and at all relevant times has been, a corporation organized and existing under the laws of Texas, with a principal place of business located in Travis County, Texas.

2.      Defendant Radiant Electrical Services, LLC is, and at all relevant times has been, a limited liability company organized and existing under the laws of Texas.  Upon information and belief, Defendant's principal place of business is located at 17521 Panorama Dr., Dripping Springs, TX 78620.  This defendant may be served with summons through its registered agent, James Dougherty, at 17521 Panorama Dr., Dripping Springs, TX 78620, or wherever he may be found.

3.     Defendant James Dougherty is an individual who is a resident and domiciliary of Texas.   This defendant may be served with summons at 17521 Panorama Dr., Dripping Springs, TX 78620, or wherever Mr. Dougherty may be found.

## JURISDICTION AND VENUE

4.     This is an action based on trademark infringement, trade dress infringement, cybersquatting, and unfair competition under the Trademark Act of 1946, as amended, 15 § U.S.C. 1051 *et seq.* (the "Lanham Act"), and related claims under the laws of the State of Texas.

5.     The Court has subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a) and (b), 15 U.S.C.  §§ 1114 and 1121 and has supplemental jurisdiction under 28 U.S.C. § 1367(a) over Plaintiff's claims under state law.

6.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 139l(b)(2) because a substantial part of the events giving rise to Plaintiff s claims occurred in this judicial district, and because Defendants have their principal place of business within this judicial district and division.

## THE FACTS

*Plaintiff, Its Business, and Its Marks*

7.     Radiant traces its founding to 1999 when Mr. Brad Casebier—then in his early 20s—left his father's plumbing business to form his own company.  Mr. Casebier and his wife, Sarah Casebier, had a vision of creating a unique plumbing and home services company that provides top quality services in a fun working environment, while offering employees the best working conditions, benefits, and training in the business.

8.      Plaintiff is the owner of the trademark RADIANT and a distinctive logo consisting of a stylized sun, as well as combinations and variations thereof (the "RADIANT Marks").    Plaintiff commenced certain uses of its marks in commerce at least as early as 2004. Plaintiff offers goods and services under its marks in the plumbing and home services industry with great success locally and regionally.  Radiant and its owners are also heavily involved in the plumbing and home services industry nationally, including frequent speaking engagements and consulting with other plumbing and home services companies across the United States.

9.      As a result of Radiant's usage and promotion of its goods and services under the RADIANT Marks, Radiant has developed valuable goodwill and strong common law trademark rights in its marks.

10.      Radiant is constantly looking to expand its services and territory.  In particular, Radiant has considered adding electrical services to its array of offerings to customers for years. Radiant believes that its strong market awareness and reputation in the closely related fields of plumbing and HVAC services makes electrical a natural next step.  Radiant believes that the model it has used to achieve great success in plumbing and HVAC services will allow it to achieve similar results in the electrical field.  Starting in 2019, Radiant made the decision to begin taking the steps necessary for this expansion.

*Registration of the RADIANT Marks*

11.      Radiant is the owner of the following federal trademark registrations for its RADIANT Marks on the Principal Register:

| Trademark | Registration No. & Dates | Goods and Services |
|---|---|---|
| RADIANT | Reg. No. 5,093,761<br><br>First use in commerce: July 1, | Prepaid preventive maintenance service plans for heating, ventilating and air conditioning systems; in International |

| | | |
|---|---|---|
| | 2004<br><br>Filed: September 23, 2015<br><br>Registered December 6, 2016 | Class 36<br><br>Plumbing services; plumbing and gas and water installation services; plumbing installation, maintenance, and repair advisory services; installation, maintenance and repair of heating, ventilating and air conditioning equipment; in International Class 37 |
| RADIANT & Design<br><br> | Reg. No. 5,093,762<br><br>First use in commerce: May 5, 2006<br><br>Filed: September 23, 2015<br><br>Registered December 6, 2016 | Plumbing services; plumbing and gas and water installation services; plumbing installation, maintenance, and repair advisory services; installation, maintenance and repair of heating, ventilating and air conditioning equipment; in International Class 37 |
| Sun Design<br><br> | Reg. No. 4,951,280<br><br>First use in commerce: May 5, 2006<br><br>Filed: September 23, 2015<br><br>Registered May 3, 2016 | Plumbing services; plumbing and gas and water installation services; plumbing installation, maintenance, and repair advisory services; installation, maintenance and repair of heating, ventilating and air conditioning equipment; in International Class 37. |

The above registrations are valid and subsisting and are owned by Radiant. Attached hereto as Exhibit A are true and correct copies of the above-referenced registrations downloaded from the public records system of the United States Patent and Trademark Office.

12.    Pursuant to the Lanham Act, Radiant's registrations constitute *prima facie* evidence of: (a) the validity of the RADIANT Marks and of the registration of those Marks; (b) Radiant's ownership of the RADIANT Marks; and (c) Radiant's exclusive right to use the

RADIANT Marks on or in connection with the goods and services specified in the registrations. 15 U.S.C. §§ 1057(b) and 1115(a).  In addition, Radiant's registrations constitute constructive notice of Radiant's claim of ownership to the RADIANT Marks. 15 U.S.C. § 1072.

*The RADIANT Trade Dress*

13.     Radiant is also the owner of distinctive trade dress.  Radiant's trade dress includes the colors orange and blue, as claimed in Reg. No. 5,093,762 and shown below.



Its trade dress also includes graphics that are comprised of the stylized sun trademark or its elements - orange triangular rays and blue waves, colorful trucks completely covered in graphics displaying the company's colors and trademarks, and employee uniforms consisting of a blue shirt bearing the RADIANT Marks (collectively, the "RADIANT Trade Dress").

14.     The RADIANT Trade Dress is decorative and not functional.  Radiant owns extensive trade dress rights in the overall look, feel and commercial impression of the RADIANT Trade Dress.

*Domain Names Incorporating the RADIANT Marks*

15.     Radiant is the owner of Internet domain names incorporating the RADIANT Marks including www.radiantplumbing.com.  These domain names are registered to Radiant.

*Radiant's Use and Promotion of Its RADIANT Marks and RADIANT Trade Dress*

16.     For many years Radiant has sold and continues to sell millions of dollars worth of goods and services under the RADIANT Marks and RADIANT Trade Dress, and Radiant has extensively promoted and continues to extensively promote its RADIANT Marks and

RADIANT Trade Dress for such goods and services.  Based on its experience and research, Radiant believes that it advertises more than any of its competitors in the markets where it provides services, is the largest company of its kind in the Austin area, and that its radio advertisements and distinctive RADIANT Trade Dress have a high degree of recognition. Consumers interested in plumbing and home services understand that products or services bearing the RADIANT Marks and RADIANT Trade Dress are endorsed, associated, affiliated or sponsored by Radiant and meet the standard of quality they have come to expect from products and services bearing the RADIANT Marks and RADIANT Trade Dress.

17.     As a result of Radiant's usage and promotion of its RADIANT Marks and RADIANT Trade Dress, the RADIANT Marks and RADIANT Trade Dress have become distinctive, serving to distinguish Radiant's goods and services from others, and to indicate the source of origin of Radiant's goods and services.  By virtue of Radiant's extensive use and advertising of its RADIANT Marks and RADIANT Trade Dress, the RADIANT Marks and RADIANT Trade Dress have become well-known and famous in the markets where it offers good and services.

*"Radiant Electrical" is infringing the RADIANT Marks and RADIANT Trade Dress*

18.     Defendants are also involved in the home services industry, primarily in the electrical services field.  The goods and services offered by Defendants under "Radiant Electrical" and variations thereof purport to be identical in many respects to those that will be offered by Radiant under the RADIANT Marks.

19.     Defendants are blatantly violating the intellectual property rights of Radiant, including infringement of the RADIANT Marks and RADIANT Trade Dress.  Not only is the name and mark "Radiant Electrical" confusingly similar to RADIANT by itself, the way in

which Defendants have promoted their good and services has created substantial additional similarities thus increasing the likelihood of confusion among consumers. For example, when the logo of Defendants is presented side-by-side with the logo of Radiant, as below, the confusing similarity between the two is overwhelming:

 

Without limitation, it is readily apparent that both logos start with the word "Radiant." Both logos primarily use the colors blue and orange with limited white bordering. Both logos contain images involving a sun and sun rays. Some versions of the mark used by Defendants further emphasize the sun imagery by including the tag line "Service That Shines."

20.    Defendants have also registered, and are currently using, the www.radiantelectric.biz domain name. The radiantelectric.biz domain name is highly similar to the RADIANT Marks and to Radiant's domain name. The RADIANT Marks were distinctive at the time Defendants registered the radiantelectric.biz domain name. The acts of Defendants described herein evidence their bad faith intent to profit from the RADIANT Marks.

21.    Due to the stark and undeniable similarity between the marks and trade dress used by Defendants and the RADIANT Marks and RADIANT Trade Dress, the actions of Defendants are likely to cause confusion, cause mistake and/or deceive consumers as to an affiliation, connection or association between Defendants and Radiant.

22.     Given the prominence of Radiant in the home services industry and the striking similarities between Defendants and Radiant, it is clear that the actions of Defendants constitute willful, deliberate, and intentional infringement.

23.     The actions of Defendants discussed above were all personally and substantially directed and authorized by Dougherty.  Dougherty has personally taken a substantial, active, and knowing role in infringing the intellectual property rights of Radiant.  Dougherty had complete or nearly complete control over the decisions that caused the infringement, and he was personally aware that the actions he directed would damage Radiant.

24.     Radiant started to become fully aware of the infringing activities of Defendants in or around 2018, and Radiant began the process of seeking to resolve its dispute with Defendants in or around July 2019.  Radiant did not begin taking concrete steps to enter the electrical services field until on or after July 2019.  Radiant has not delayed enforcement of its rights for an unreasonable period of time.  To the contrary, Radiant contacted Defendants promptly upon recognizing the extent and nature of their infringement.  Radiant has never communicated anything to Defendants except through counsel for the purpose of ceasing infrngement, and Defendants have never relied upon anything from Radiant in making their decisions. Furthermore, the intentional infringement of Defendants establishes that they acted in bad faith and have unclean hands.

## CLAIM I:  FEDERAL TRADEMARK INFRINGEMENT

25.     Radiant repeats the allegations above as if fully set forth herein.

26.     The acts of Defendants complained of herein constitute infringement of Radiant's federally registered marks in violation of 15 U.S.C. § 1114(1).

27.    The acts of Defendants, as set forth above, have occurred with full knowledge and conscious disregard by Defendants of Radiant's superior rights in the RADIANT Marks, and in bad faith with a willful and deliberate intent to trade on Radiant's vast goodwill.  To the fullest extent allowed by law, Radiant is entitled to profits, damages and costs pursuant to 15 U.S.C. §§ 1114 and 1117.  Moreover, in view of the willful, deliberate and intentional nature of the infringement by Defendants, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a) in which attorneys' fees should be awarded.

## CLAIM II:  FEDERAL TRADE DRESS INFRINGEMENT

28.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

29.    The acts of Defendant complained of herein constitute infringement of Plaintiff's trade dress in violation of § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## CLAIM III:  FEDERAL CYBERSQUATTING

30.    Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

31.    Defendants have registered, trafficked in, and/or used the radiantelectric.biz domain name.  The radiantelectric.biz domain name is highly and confusingly similar to the RADIANT Marks and Radiant's domain name.

32.    The RADIANT Marks were distinctive at the time Defendants registered the radiantelectric.biz domain name.

33.    The acts of Defendants complained of herein evidence their bad faith intent to profit from the RADIANT Marks.

34.     The acts of Defendants complained of herein constitute cybersquatting in violation of Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d).

## CLAIM IV:  FEDERAL UNFAIR COMPETITION

35.     Radiant repeats the allegations above as if fully set forth herein.

36.     The acts of Defendants complained of herein constitute false designation of origin and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

## CLAIM V:  STATE TRADEMARK INFRINGEMENT

37.     Radiant repeats the allegations above as if fully set forth herein.

38.     The acts of Defendants complained of herein constitute trademark infringement in violation of the statutes and laws of the State of Texas.

## CLAIM VI:  COMMON LAW UNFAIR COMPETITION

39.     Radiant repeats the allegations above as if fully set forth herein.

40.     The acts of Defendants complained of herein constitute unfair competition in violation of the common law of the State of Texas.

## CLAIM VII:  APPLICATION FOR
## PRELIMINARY AND PERMANENT INJUNCTION

41.     Radiant repeats the allegations above as if fully set forth herein.

42.     Defendants have damaged Radiant and are continuing to damage Radiant by the illegal acts complained of herein.  Unless Defendants are restrained by this Court, Defendants will cause irreparable injury to Radiant for which there is no adequate remedy at law.

## PRAYER

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1.      That Defendants and those acting in concert or participation be preliminarily and permanently enjoined and restrained from:

(a)     using any trade name, trademark, service mark, domain name, advertising, Internet web page, signage or any materials which depict, contain or consist of any name or mark confusingly similar to the RADIANT Marks and RADIANT Trade Dress, including but not limited to use of marks which include the element "Radiant," "Radiant Electrical," "Radiant Electric," or formatives thereof,  words which start with the letter "R," or words which contains the element "-ant," including any variations, phonetic equivalents, or formatives thereof, or other word or words confusingly similar thereto;

(b)     otherwise competing unfairly with Radiant in any manner, including, without limitation, (i) unlawfully adopting or infringing upon the RADIANT Marks and RADIANT Trade Dress, (ii) adopting or using any trade name, trademark, service mark, domain name, advertising or signage similar to the RADIANT Marks and RADIANT Trade Dress, and/or (iii) adopting or using any trade name, trademark, service mark, advertising or signage likely to dilute the distinctive quality of the RADIANT Marks and RADIANT Trade Dress;

(c)     committing any acts or making any statements calculated, or the reasonably foreseeable consequence of which would be, to infringe any of Radiant's trademark rights, or to confuse, mislead or deceive consumers as to sponsorship, approval or affiliation of Radiant by, with, or of Defendants; and

(d)     conspiring with, aiding, assisting or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a), (b) and (c) above;

2.      That, consistent with paragraph 1 above, Defendants will remove from sale or display, recall, and disclaim any and all advertisements, products, catalogs and any other items or goods bearing the infringing Defendants marks or which infringe the RADIANT Trade Dress, or any word or words confusingly similar thereto.  Defendants will also submit to the Court and serve upon Radiant within 30 days after the entry and service on Defendants of an injunction, a written report detailing: (a) the number of all advertisements and products produced, manufactured or made by or for Defendants or under the control of Defendants bearing the infringing marks, the RADIANT Marks, RADIANT Trade Dress, or any word or words confusingly similar thereto; (b) the number of such advertisements and products removed and/or recalled; (c) the number of such advertisements and products Defendants received in response to the removal and recall; (d) the amount of such advertisements and products in inventory; and (e) the physical location of all such advertisements and products, separately identifying each advertisement and product by advertisement or product number or designation;

3.      That Defendants be required to deliver to the Court for destruction, or show proof of destruction of, any and all products, labels, signs, prints, advertisements, signage, packages, wrappers, catalogs, calendars, Internet web pages and any other materials in their possession or control bearing or depicting any name or mark confusingly similar to the RADIANT Marks and RADIANT Trade Dress, as well as all molds and other means of making the same as provided by 15 U.S.C. § 1118;

4.      That Defendants be required to file with this Court and to serve upon Radiant, within 30 days after the entry and service on Defendants of an injunction, a report in writing and under oath setting forth in detail the manner and form in which Defendants complied with the injunction;

5.      That Radiant recover all damages sustained as a result of the activities of Defendants and that said damages be trebled;

6.      That an accounting be directed to determine the profits of Defendants resulting from its activities and that such profits be paid over to Radiant, increased as the Court finds to be just under the circumstances;

7.      That Radiant recover its reasonable attorneys' fees;

8.      That Radiant recover the costs of this action, and pre- and post-judgment interest; and

9.      That Radiant recover such other relief as the Court may deem appropriate.

Dated: March 12, 2020

Respectfully submitted,


*s/C. Ashley Callahan*
C. Ashley Callahan
  State Bar No. 24027545
**LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.**
The Haehnel Building
1101 East 11th Street
Austin, TX 78702
Telephone:  512.817.3977
Telecopier:  512.287.3127
acallahan@callahanlawoffices.com

.

**ATTORNEYS FOR RADIANT PLUMBING
SERVICE, INC.**

-14-

-15-