UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| RADIANT PLUMBING SERVICE, INC., <br><br> Plaintiff, <br><br> -v- <br><br> RADIANT ELECTRICAL SERVICES, LLC and JAMES DOUGHERTY <br><br> Defendants. | § § § § § § § § § § § § § <br><br> Civil Action No. 1:20-cv-00264-RP |

**PLANTIFF'S MOTION FOR LEAVE TO AMEND PLEADINGS**

COMES NOW Radiant Plumbing Service, Inc. ("Radiant") and files this its Motion for Leave to Amend Pleadings (the "Motion"). In support thereof, Radiant shows unto the Court as follows:

1. The scheduling order signed by the Court [dkt. 15] set October 1, 2020 as the deadline for adding parties, adding claims, and amending pleadings.

2. Radiant seeks to amend its complaint to add specificity regarding scope of its trademark rights, drop its trade dress claim, and clarify certain issues and statements.

3. Radiant contends that leave may not be necessary since the Court set a deadline for filing such an amended pleading and adding parties in its scheduling order. In an abundance of caution, Radiant is also seeking leave.

4. A proposed order granting leave is attached hereto as **Exhibit A.**

5. A redlined copy of the proposed Amended Complaint (showing changes to the Original Complaint) is attached hereto as **Exhibit B.**

6.	A clean copy of the proposed Amended Complaint is attached hereto as **Exhibit C.**

7.	Well-established law provides that federal courts should freely grant leave to amend pleadings "when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

8.	There is absolutely no reason to deny leave in this case. Radiant is seeking leave prior to the established deadline for amending pleadings and adding parties, and there is no way to credibly claim that Radiant has shown bad faith or dilatory motive. Radiant is simply making its case more precise and focused, and this amendment will allow the case to proceed without unintended distractions. Trial will not take place until October ***2021***, and there is no reason to expect that the amended pleading will delay resolution of this case by a single day. There have been no depositions, and the facts at issue for the claims and defenses of the Defendants will not be changed by the amended pleading. Radiant has not sought leave even once in this case, and certainly has not failed to cure deficiencies. Defendants have not been unfairly prejudiced in any way by the timing of the amended pleading or other prior actions or Radiant.

9.	Radiant has consulted with counsel for Defendants regarding the relief sought in this motion. Defendants stated that they are opposed, but did not provide any reason for their opposition.

WHEREFORE, Radiant prays that the Motion be granted, and for all other and further relief to which it is justly entitled.

Dated: September 4, 2020

.

                Respectfully submitted,

                *s/C. Ashley Callahan*
                C. Ashley Callahan
                 State Bar No. 24027545
                **LAW OFFICES OF C. ASHLEY CALLAHAN, P.C.**
                The Haehnel Building
                1101 East 11th Street
                Austin, TX 78702
                Telephone:  512.817.3977
                Telecopier:  512.287.3127
                acallahan@callahanlawoffices.com

                **ATTORNEYS FOR RADIANT PLUMBING SERVICE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that on September 4, 2020, I served the foregoing document on all counsel of record pursuant to the Federal Rules of Civil Procedure.

                *s/C. Ashley Callahan*
                C. Ashley Callahan